Relator, an inmate of the Texas Prison System, seeks his release, alleging that he is illegally restrained for the following reason.

The record before us reflects that relator was on May 21, 1945, convicted and plead guilty to indictments pending in the Criminal District Court of Harris County, Texas, in causes numbered 55417, 55419, 55421 and 55423. The punishment in each case was for a term of two years. The sentences were effectively cumulated to make a total of 8 years, which relator does not question.

On the same day relator was convicted and plead guilty to indictments pending in the Criminal District Court No. 2 of Harris County in causes numbered 55418, 55420 and 55422. The punishment in the first two cases was for 2 years and for 3 years in the last. The sentence in 55418 con-

tained the following order, "Sentenced cumulative with No. 55423." Since cause No. 55423 was in a different court, this cumulation is ineffective. Ex parte Coleman, Tex.Cr.App., 261 S.W.2d 351. Sentence in cause No. 55420 was cumulated to 55418, and sentence in 55422 was cumulated to 55420.

Since the cumulation in 55418 was ineffective, all the Harris County sentences might be served in 8 years.

Relator was further sentenced on July 2, 1945, in causes numbered 16037 and 16038 for a period of 8 years.

He has made it known to this Court by proper certificate from the Texas Prison System that he has credit for time served in excess of 8 years from and after July 2, 1945, and he is therefore entitled to be discharged.

It is so ordered.

**Donley TILLEY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 27318.**

Court of Criminal Appeals of Texas.

Dec. 15, 1954.

No attorney on appeal.

Wesley Dice, State's Atty., Austin, for the State.

PER CURIAM.

The conviction is for unlawfully operating a motor vehicle upon a public highway while under the influence of intoxicating liquor. The punishment assessed is a fine of $100.

All matters of procedure appear regular. The record is before us without a statement of facts or bills of exception, in the absence of which nothing is presented for review.

The judgment of the trial court is affirmed.